UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
MARIA RODRIGUEZ                                                                Index No.

                              Plaintiff,                                  **COMPLAINT**

   -against-

CULLEN & ASSOCIATES P.C. a/k/a
CULLEN & ASSOCIATES, P.C. and
KEVIN DAVID CULLEN JR a/k/a KEVIN CULLEN

                        Defendants.                                 *Jury Trial Demanded*
-------------------------------------------------------------

Plaintiff Maria Rodriguez, ("Plaintiff"), by her attorney, THE LAW OFFICE OF JON A. STOCKMAN, as and for her Complaint, respectfully alleges the following:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants Cullen & Associates P.C. a/k/a Cullen & Associates, P.C. and Kevin David Cullen Jr a/k/a Kevin Cullen (collectively referred to as "Defendants") pursuant to 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

## JURISDICTION AND VENUE

2. This action properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391, because the events giving rise to the claims occurred within this judicial district.

3. This Court possesses jurisdiction over this action because it involves a federal claim (Plaintiff's Section 1981 claim).

1

4. Pursuant to 28 U.S.C. § 1367(a), this Court possesses supplemental jurisdiction over the state claims in this action because they are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy.

5. The Court also possesses diversity jurisdiction over this matter because (upon information and belief) none of the Defendants reside in New Jersey, the state in which Plaintiff currently resides.

6. The amount in controversy is more than $75,000.00.

## THE PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Essex.

8. Throughout Plaintiff's tenure with Defendants, Plaintiff was an employee of the Defendants.

9. Defendant Cullen & Associates P.C. a/k/a Cullen & Associates, P.C. is/was a domestic professional services corporation incorporated in the State of New York with its principal place of business located at 299 Broadway, Suite 1510, New York, NY 10007.

10. At all times relevant to this Complaint, Defendant Cullen & Associates P.C. a/k/a Cullen & Associates, P.C. employed more than four (4) employees.

11. At all times relevant to this Complaint, Defendant Cullen & Associates P.C. a/k/a Cullen & Associates, P.C. employed more than four (4) employees in New York City.

12. Upon information and belief, Defendant Kevin David Cullen Jr a/k/a Kevin Cullen is/was a resident of the State of New York.

13. During Plaintiff's employment with Defendants, Defendant Kevin David Cullen Jr a/k/a Kevin Cullen was the owner, lead attorney, and Chief Executive Officer of Cullen & Associates P.C. a/k/a Cullen & Associates, P.C.

14. As Chief Executive Officer of the Corporate Defendant Cullen & Associates P.C. a/k/a Cullen & Associates, P.C., Defendant Kevin David Cullen Jr a/k/a Kevin Cullen possessed the authority to hire and fire employees of such Corporate Defendant.

15. As Chief Executive Officer of Defendant Cullen & Associates P.C. a/k/a Cullen & Associates, P.C., Kevin David Cullen Jr a/k/a Kevin Cullen determined how much employees of such Corporate Defendant were paid and when they worked.

16. During Plaintiff's employment with Defendants, Defendant Kevin David Cullen Jr a/k/a Kevin Cullen assigned Plaintiff work.

17. Plaintiff is not aware of anyone other than Defendant Kevin David Cullen Jr a/k/a Kevin Cullen who possessed the authority to fire employees of Cullen & Associates P.C. a/k/a Cullen & Associates, P.C.

18. Defendant Kevin David Cullen Jr a/k/a Kevin Cullen terminated Plaintiff's employment.

19. Defendant Kevin David Cullen Jr a/k/a Kevin Cullen actually participated in the discriminatory conduct complained of herein.  Accordingly, Defendant Kevin David Cullen Jr a/k/a Kevin Cullen can be held liable as an aider and abettor.

20. Additionally, Defendant Kevin David Cullen Jr a/k/a Kevin Cullen can be held liable as an employer for the discriminatory conduct complained of herein.

## **THE FACTS**

21. Plaintiff is black.

22. Plaintiff is African American.

23. Plaintiff worked for Defendants from on or about July 25, 2022 until Defendants terminated her employment on or about February 24, 2023.

24. During Plaintiff's tenure with Defendants, she worked as a Legal Administrative Assistant at Defendants' law firm located at 299 Broadway, Suite 1510, New York, NY 10007.

25. Defendant Kevin David Cullen Jr a/k/a Kevin Cullen is white.

26. Throughout Plaintiff's tenure with Defendants, she was Defendants' only black employee.

27. During Plaintiff's tenure with Defendants, she performed strongly and was never warned her continued employment was in danger.

28. When Mr. Cullen terminated Plaintiff's employment, he indicated her termination was the result of a reorganization.  Meanwhile, (upon information and belief) after Mr. Cullen terminated Ms. Rodriguez's employment, he replaced her with a newly hired non-black individual. Plaintiff believes this to be the case because after Plaintiff's termination, the cleaner servicing Defendants' law office informed Plaintiff that a new person was working at Plaintiff's desk and such person was non-black.

29. When Mr. Cullen terminated Plaintiff's employment, he did not indicate he was terminating her for any performance-based reason.

## **CAUSES OF ACTION**

### **FIRST CLAIM FOR RELIEF**
*(Violation of Section 1981 by Defendants: Race Discrimination)*

30. Plaintiff repeats and realleges each and every allegation contained herein.

31. Defendants violated Section 1981 by terminating Plaintiff because of her race.

32. As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered loss of earnings, and related employment benefits.

33. As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered emotional distress.

34. Plaintiff is entitled to an award for damages for her past and future economic loss and an award for compensatory damages in an amount to be determined at trial, plus attorneys' fees, costs, and pre and post judgment interest.

35. Due to the severity of Defendants' conduct, Plaintiff is also entitled to an award of punitive damages in an amount to be determined at trial. By terminating Plaintiff because of her race, Defendants knowingly violated Section 1981 and/or acted in reckless disregard of Plaintiff's rights under Section 1981.

## SECOND CLAIM FOR RELIEF
*(Violation of the NYSHRL by Defendants: Race Discrimination)*

36. Plaintiff repeats and realleges each and every allegation contained herein.

37. Defendants violated the NYSHRL by terminating Plaintiff because of her race.

38. Defendants violated the NYSHRL because Plaintiff's race played a role in their decision to terminate her employment.

39. As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered loss of earnings, and related employment benefits.

40. As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered emotional distress.

41. Plaintiff is entitled to an award for damages for her past and future economic loss and an award for compensatory damages in an amount to be determined at trial, plus attorneys' fees, costs, and pre and post judgment interest.

42. Due to the severity of Defendants' conduct, Plaintiff is also entitled to an award of punitive damages in an amount to be determined at trial. By terminating Plaintiff because of her race, Defendants knowingly violated the NYSHRL and/or acted in reckless disregard of Plaintiff's rights under the NYSHRL.

### THIRD CLAIM FOR RELIEF
*(Violation of the NYSHRL by Defendants: Color Discrimination)*

43. Plaintiff repeats and realleges each and every allegation contained herein.

44. Defendants violated the NYSHRL by terminating Plaintiff because of her color.

45. Defendants violated the NYSHRL because Plaintiff's color played a role in their decision to terminate her employment.

46. As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered loss of earnings, and related employment benefits.

47. As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered emotional distress.

48. Plaintiff is entitled to an award for damages for her past and future economic loss and an award for compensatory damages in an amount to be determined at trial, plus attorneys' fees, costs, and pre and post judgment interest.

49. Due to the severity of Defendants' conduct, Plaintiff is also entitled to an award of punitive damages in an amount to be determined at trial. By terminating Plaintiff because of her color, Defendants knowingly violated the NYSHRL and/or acted in reckless disregard of Plaintiff's rights under the NYSHRL.

## FOURTH CLAIM FOR RELIEF
*(Violation of the NYCHRL by Defendants: Race Discrimination)*

50. Plaintiff repeats and realleges each and every allegation contained herein.

51. Defendants violated the NYCHRL by terminating Plaintiff because of her race.

52. Defendants violated the NYCHRL because Plaintiff's race played a role in their decision to terminate her employment.

53. As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered loss of earnings, and related employment benefits.

54. As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered emotional distress.

55. Plaintiff is entitled to an award for damages for her past and future economic loss and an award for compensatory damages in an amount to be determined at trial, plus attorneys' fees, costs, and pre and post judgment interest.

56. Due to the severity of Defendants' conduct, Plaintiff is also entitled to an award of punitive damages in an amount to be determined at trial. By terminating Plaintiff because of her race, Defendants knowingly violated the NYCHRL and/or acted in reckless disregard of Plaintiff's rights under the NYCHRL.

## FIFTH CLAIM FOR RELIEF
*(Violation of the NYCHRL by Defendants: Color Discrimination)*

57. Plaintiff repeats and realleges each and every allegation contained herein.

58. Defendants violated the NYCHRL by terminating Plaintiff because of her color.

59. Defendants violated the NYCHRL because Plaintiff's color played a role in their decision to terminate her employment.

60. As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered loss of earnings, and related employment benefits.

61. As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered emotional distress.

62. Plaintiff is entitled to an award for damages for her past and future economic loss and an award for compensatory damages in an amount to be determined at trial, plus attorneys' fees, costs, and pre and post judgment interest.

63. Due to the severity of Defendants' conduct, Plaintiff is also entitled to an award of punitive damages in an amount to be determined at trial. By terminating Plaintiff because of her color, Defendants knowingly violated the NYCHRL and/or acted in reckless disregard of Plaintiff's rights under the NYCHRL.

## DEMAND FOR JURY TRIAL

64. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff demands judgment as follows:

  i.   awarding Plaintiff emotional distress damages;

  ii.  awarding Plaintiff back pay and front pay, and affording all benefits that would have been afforded Plaintiff but for Defendants' unlawful actions;

  iii. awarding Plaintiff punitive damages;

  iv.  awarding Plaintiff's cost of this suit;

  v.   awarding reasonable attorneys' fees;

  vi.  awarding pre- and post-judgment interest; and

    vii.    awarding such other and further relief as the court deems just and proper.

Dated: New York, New York
May 31, 2023

*Respectfully submitted*,

By: /S/ Jon A. Stockman, Esq.
Jon A. Stockman, Esq. (JS6246)
The Law Office of Jon A. Stockman
11 Broadway, Suite 615
New York, New York 10004
(516) 547-6418 telephone
jstockman@yournycattorney.com
Attorney for Plaintiff, Maria Rodriguez